UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOIN DIGITAL, INC., <br><br> vs. <br><br><br> PIVIUM, INC. | Case Number: 24-cv-09138-HSG <br><br> STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION |

**1. PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**2. COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3. LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4. **PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate.

5. **SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or as needed, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

6. **PRODUCTION FORMATS**

   a. **Image Format**: Black-and-white Group IV Single-Page TIFFs (300 DPI). Color images should be provided in .JPG format when color is necessary. Image file names should match the page (Bates) identifier for that specific image and end with the .tif (or .jpg if needed) extension.

   b. **Database Load Files:** Documents produced shall be provided with (i) Standard Concordance delimited load file(s) and (ii) Opticon delimited cross-reference file(s). Concordance load files shall contain the fields listed Paragraph 6(i) below.

   c. **OCR/Extracted Text Format:** Document level text files named for the Bates number corresponding to the first page of the document. Do not include text in the load file. Text files should be in a directory named "TEXT".

   d. **Natives:** Documents produced in native file format shall be labeled, to the extent practicable, by assigning a Bates number as the filename (e.g., ABC0000001.xls). The load file should contain a field called "NATIVE" with the path to the corresponding native file. Native files should be in a directory named "NATIVES."

      i. Excel spreadsheets and other files that cannot be imaged in a useful manner should be produced in native format to enable the parties to review those files. If there are non-printable files in the production set (mpg, wav, mdb, etc.), they should be produced as native files.

   ii. Counsel may seek supplemental production of native files for any produced images that are deemed unusable, unsearchable, or unduly burdensome.

e. **Bates Numbering:**
   i. All images must be assigned a Bates number that must always: (1) be unique across the entire document production; (2) maintain a constant length (0- padded) across the entire production; (3) contain no special characters or embedded spaces; and (4) be sequential within a given document.
   ii. If a Bates number or set of Bates numbers is skipped in a production, the producing party will so note in a cover letter or production log accompanying the production.
   iii. The producing party will brand all TIFF images in the lower right hand corner with its corresponding Bates number, using a consistent font type and size. The Bates number must not obscure any part of the underlying image. If the placement in the lower right-hand corner will result in obscuring the underlying image, the Bates number should be placed as near to that position as possible while preserving the underlying image.

f. **Attachment Relationships:** Parent-child relationships (the association between an attachment and its parent document) that have been maintained in the ordinary course of business should be preserved. For example, if a party is producing an e-mail with its attachments, the attachments should be processed in order behind the e-mail and the production load file should reflect this relationship in the BegProdAtt/EndProdAtt fields.

g. **Paper Documents:** If a party converts paper documents into electronic format, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., paper documents should be logically unitized). In the case of an organized compilation of

separate documents – for example, a binder containing several separate documents behind numbered tabs – the document behind each tab should be scanned separately, but the relationship among the documents in the compilation should be reflected in the proper coding of the beginning and ending document and attachment fields. For each document the title or subject, and date should be captured as metadata. If the document was originally an email, and this now only exists as paper form, the to / from / cc / date and subject should be captured as metadata too.

h. **Searchability:** The parties agree not to degrade the searchability of documents as part of the document production process.

i. **Metadata:** As noted in Paragraph 6(b), Concordance load files shall contain the fields listed below.

| Field | Description |
|---|---|
| BegProd | Bates number corresponding to the first page of the document. |
| EndProd | Bates number corresponding to the last page of the document. |
| BegProdAtt | Bates number corresponding to the first page of a document family. |
| EndProdAtt | Bates number corresponding to the last page of a document family. |
| PageCount | Number of pages/images for the document. |
| Custodian | Name of the person from where file is produced. |
| Sender | The Sender of Email |
| Author | The creator/author of the non-Email document |
| Recip | The recipient(s) of the document/Email. |
| CC | The individuals copied on the document/Email, if any. |
| BCC | The individuals blind copied on the Email, if any. |
| DocTitle | The title of a document or the subject of an email. |
| DocType | Type of document, such as Microsoft Word, Adobe Portable Document Format, Microsoft Excel. |

| | |
|---|---|
| Date Sent | The date an email was sent. |
| Time Sent | The time an email was sent. |
| Date Received | The date an email was received. |
| Time Received | The time an email was received. |
| Date Created | The date the file was created, if available. |
| Time Created | The time the file was created, if available. |
| Date Last Modified | The date the file was last modified, if available. |
| Time Last Modified | The time the file was last modified, if available. |
| Folder | The folder the document is stored in. |
| LastAuthor | Last Edited By |
| MD5Hash | MD5HASH of electronic files |
| TextPath | Path to the records' corresponding text file. Do not include actual text in load files. |
| Native | The file path that the corresponding production Native file resides in. |

7. **DOCUMENTS PROTECTED FROM DISCOVERY**

   a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

   b) Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

8. **MODIFICATION**

   This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: July 28, 2025                                          */s/ Michael J. Coffino*
                                                                    Counsel for Plaintiff


Dated: July 28, 2025                                          */s/ Leslie E. Hartford*
                                                                    Counsel for Defendant

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated:   8/1/2025                            *Haywood S. Gilliam Jr.*
                                             UNITED STATES DISTRICT JUDGE