UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN D. JOIN DIGITAL, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PIVIUM, INC.,<br><br>Defendant. | Case No. 24-cv-09138-HSG<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND**<br><br>Re: Dkt. No. 33 |

Pending before the Court is Plaintiff's motion for leave to file a second amended complaint. Dkt. No. 33. For the following reasons, the Court **GRANTS** the motion.

### I.   BACKGROUND

Plaintiff filed this action on December 17, 2024, bringing contract claims relating to Defendant's installation of an audio visual system. *See* Dkt. No. 1. Plaintiff filed its first amended complaint on February 11, 2025, which added an exhibit that had been omitted from the original filing. *See* Dkt. No. 5. On June 4, 2025, the Court issued a scheduling order setting July 30, 2025, as the deadline for Plaintiff to amend its pleadings. Dkt. No. 25. On June 24, 2025, Plaintiff filed a motion for leave to file a second amended complaint and explained that the amended complaint would add an additional negligence claim. *See* Dkt. No. 33 ("Mot."). Defendant opposes. *See* Dkt. No. 37 ("Opp."). The Court took the matter under submission without argument on July 18, 2025. Dkt. No. 39.

### II.   LEGAL STANDARD

Since Plaintiff timely filed this request for leave to amend by the deadline in the scheduling order, the Court looks to Federal Rule of Civil Procedure 15 to determine whether amendment is appropriate. Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course . . . 21 days after service of a motion under Rule 12(b) . . . ." Fed. R. Civ. P.

15(a)(1)(B). Under Federal Rule of Civil Procedure 15(a)(2), "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "[L]eave to amend shall be freely granted 'when justice so requires.'" *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). When considering whether to grant leave to amend, the court considers several factors, including (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) previous amendments. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court weighs prejudice to the opposing party most heavily. *Eminence Capital*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

### III. DISCUSSION

Upon considering the relevant factors, the Court finds that leave to file a second amended complaint should be granted under this circuit's liberal standard.

Defendant argues that it will be prejudiced by amendment because it will "be forced to expend time and resources on moving to dismiss the claim," and argues that the proposed amendment will "expand the scope of the case in the midst of the parties exchanging discovery, taking depositions and preparing for the upcoming mediation." Opp. at 5. The Court disagrees. Plaintiffs seek to add a negligence claim based on substantially the same material facts already alleged in prior complaints. The essence of the case remains what it has been from the beginning: a dispute involving installation of an audio visual project. *See* Dkt. No. 38 ("Reply") at 8. And in any event, the expansion of a case due to the addition of new causes of action is not inherently prejudicial.

Given the absence of prejudice, there must be a strong showing of the other *Foman* factors to overcome Rule 15's strong presumption in favor of granting leave to amend. But Defendant has not met this burden. Defendant primarily argues that Plaintiff's proposed amendments are futile because the negligence claim is barred by the economic loss rule. Opp. at 2. Leave to

amend should be denied as futile only when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quotation omitted).  Courts rarely deny leave to amend based on futility and instead generally "defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Gregg v. Monastery Camp*, No. 23-CV-02760-AMO, 2024 WL 2304564, at *2 (N.D. Cal. May 21, 2024) (quotation omitted).  Since "[t]he merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment," the Court will not deny leave to amend here on futility grounds.  *LiveCareer Ltd. v. Su Jia Techs. Ltd.*, No. 14-CV-03336-JST, 2015 WL 4089800, at *3 (N.D. Cal. July 2, 2015) (quotation omitted).

Additionally, Defendant implies that Plaintiff delayed in seeking amendment.  *See* Opp. at 5.  But Plaintiff sought leave to file the amended complaint by the Court's deadline.  And "[t]he mere fact that an amendment is offered late in the case . . . is not enough to bar it."  *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) (quotation omitted).

For these reasons, the Court finds leave to amend the complaint to be warranted.  If Defendant continues to believe that this claim is barred by the economic loss rule, it should promptly raise those arguments in a motion to dismiss.

### IV. CONCLUSION

The Court **GRANTS** Plaintiff's motion for leave to amend the complaint, Dkt. No. 33.  Plaintiff shall file its second amended complaint on the docket within three days from the date of this order.

**IT IS SO ORDERED.**

Dated:   9/17/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

3